## MEYER and another v. MAXHEIMER.

*(Circuit Court, S. D. New York. October 5, 1881.)*

1. LETTERS PATENT—REISSUES—INVALIDITY.
    A reissue that covers more than the original, (apparently so as to embrace intervening inventions of others,) is invalid.
2. SAME—WIRE CAGES.
    Reissued letters patent No. 8,594, for an improvement in wire cages, consisting of an invention of a cage held in shape by the fitting of crimps in the wires to holes in the cross bands, while that in the original is of a cage held in shape by the locking of loops on the wires through slots in the cross bands, are invalid, the inventions being essentially different.

In Equity.

*J. Van Santvoord,* for complainants.

*Arthur v. Briesen,* for defendant.

WHEELER, D. J. This suit is brought upon letters patent No. 139,-784, granted to Michael Grebner, June 10, 1873, and reissued to the plaintiffs, February 25, 1879, in No. 8,594, for an improvement in wire cages. Among the defences set up is one that the reissue is for a different invention from that in the original patent. The original patent was for a cage having the horizontal bands provided with slots, through which loops formed outwardly on the upright wires were placed and held by a locking bar, extending around the cage out-

side the band and through the loops, making a firm and durable connection between the bands and wires. After that and before the reissue cages were invented and brought into use having their horizontal bands made tubular, of sheet metal, with holes above and below, through which the upright wires were placed, having bands like loops extending outwardly within the hollow bands to form a connection between the wires and bands. The reissue is for a cage having horizontal bands of sheet metal or other suitable material provided with holes that engage with the vertical filling wires, which have loops or crimps that. fit the holes and effectually prevent the vertical displacement of the horizontal band, and a locking-bar like that in the original to prevent either of the filling wires from being pressed in so as to disengage its crimps from the cross or horizontal band. The first claim is for the combination in a cage of filling wires provided with loops or crimps, and cross-bands provided with holes, adapted to engage with the loops or crimps.

There is nothing in the original patent about the engagement of the loops with the slots otherwise than by being held together by the locking bar. The loops shown in the drawing are not shaped to, of themselves, hold the cross-band in place. The connection between the bands and the wires depended wholly upon the locking-bar. The combination mentioned in the first claim of the reissue would not be an operative combination at all with the parts made only as described in the original. The invention sought to be covered by the reissue is of a cage held in shape by the fitting of crimps in the wires to holes in the cross-bands, while that in the original is of a cage held in shape by the locking of loops on the wires through slots in the cross-bands. These inventions are essentially different. The reissue was, apparently, expanded beyond the original to cover the intervening inventions of others. The language of the supreme court in *Swain Turbine & Manuf'g Co.* v. *Ladd,* 19 O. G. 62, seems peculiarly applicable to this case. It is said there that the statute was never intended to allow a patent to be enlarged except in a clear case of mistake, and that there is no safe or just rule but that which confines a reissue patent to the same invention which was described or indicated in the original. This reissue seeks to enlarge the invention, as well as the patent, and is not supported by the original.

Let there be a decree that the reissued patent is invalid, and that the bill of complaint be dismissed, with costs.